## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Honorable Michael A. Hammer |
| | : | |
| | : | Mag. No. 19-4483 |
| v. | : | |
| | : | **CRIMINAL COMPLAINT** |
| JAMIL MCKINNEY | : | |
| | : | |

I, Mark Thompson, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Task Force Officer with the United States Marshal's Service, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

Continued on the attached page and made a part hereof:

_____
Task Force Officer Mark Thompson
United States Marshals Service

Sworn to before me and subscribed in my presence,
December 23, 2019 in Newark, New Jersey

HONORABLE MICHAEL A. HAMMER          _____
UNITED STATES MAGISTRATE JUDGE        Signature of Judicial Officer

## ATTACHMENT A

### COUNT ONE
(Possession of a Firearm by a Convicted Felon)

On or about December 2, 2019, in Essex County, in the District of New Jersey and elsewhere, the defendant,

### JAMIL MCKINNEY

knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a loaded firearm in and affecting interstate commerce, namely a Smith & Wesson .40 caliber firearm, bearing serial number PDS1525, which was loaded with fourteen rounds of ammunition.

In violation of Title 18, United States Code, Sections 922(g)(1).

## **ATTACHMENT B**

I, Mark Thompson, am a Task Force Officer with the United States Marshals Service. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and photographs of the evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. On or about November 12, 2019, at approximately 10:00 a.m. members of the Newark Police Department (collectively "the officers") were dispatched to the area of 55 Richelieu Place on a call of a male that had been shot.

2. Upon the officers arrival, they observed the victim ("VICTIM") lying on the ground and bleeding from his back from an apparent gunshot wound.

3. The VICTIM advised the officers that he had been involved in a verbal dispute with his ex-girlfriend ("EX-GIRLFRIEND") on the street when her current boyfriend approached them. The current boyfriend then stated, "what's good!" before shooting the VICTIM twice with a firearm he kept concealed in a sweatshirt pocket. No ballistic evidence was collected from the scene.

4. The VICTIM was transported to the hospital where he was found to be suffering from two gunshot wounds. It was ultimately determined that the VICTIM would be paralyzed from the waist down as a result of these gunshot wounds. An arrest warrant was issued for the EX-GIRLFRIEND.

5. On or about December 2, 2019, members of the Newark Police Department – Fugitive Apprehension Team responded to the last known address for the EX-GIRLFRIEND ("the residence"). The EX-GIRLFRIEND answered the door and was advised of the outstanding arrest warrant.

6. Due to the fact that she was not dressed appropriately for the weather, the officers accompanied her into the residence and to her bedroom so that she could change her clothes. While in the bedroom the officers observed a male, later identified as Jamil McKinney ("MCKINNEY") sitting on the edge of the bed. MCKINNEY appeared to be blading his body away from the officers as he was making furtive

gestures by the bed.

7. The scene was secured and a search warrant was obtained for the residence. During the execution of that search warrant the officers recovered a Smith & Wesson .40 caliber firearm, bearing serial number PDS1525, which was loaded with fourteen rounds of ammunition. The firearm was located under the mattress of the bed in the area that MCKINNEY had been observed by the officers.

8. The firearm was manufactured outside of the State of New Jersey, and thus moved in, and affected interstate commerce prior to December 2, 2019.

9. Prior to December 2, 2019, MCKINNEY had at least one felony conviction in Superior Court, Essex County, including:

   a. A conviction on or about January 7, 2005 for receiving stolen property, resisting arrest, possession of a prohibited firearm, and conspiracy to commit theft. As a result, MCKINNEY was sentenced to three years in New Jersey state prison;
   b. A conviction on or about November 7, 2008 for possession with the intent to distribute narcotics within 1,000 feet of a school zone. As a result, MCKINNEY was sentenced to five years in New Jersey state prison with a three year parole disqualifier;
   c. A conviction on or about November 7, 2008 for possession with the intent to distribute narcotics within 1,000 feet of a school zone. As a result, MCKINNEY was sentenced to five years in New Jersey state prison with a three year parole disqualifier;
   d. A conviction on or about November 7, 2008 for receiving stolen property, resisting arrest, possession with the intent to distribute narcotics within 1,000 feet of a school zone and, unlawful possession of a firearm. As a result, MCKINNEY was sentenced to five years in New Jersey state prison with a three year parole disqualifier;
   e. A conviction on or about May 29, 2009 for robbery, burglary, resisting arrest and, conspiracy to commit robbery. As a result, MCKINNEY was re-sentenced on December 19, 2016 to twelve years in New Jersey state prison;
   f. A conviction on or about March 24, 2009 for possession with the intent to distribute narcotics within 1,000 feet of a school zone. As a result, MCKINNEY was sentenced to five years in New Jersey state prison with a two and a half year parole disqualifier.